[Civ. No. 36818. Second Dist., Div. Four. Feb. 19, 1971.]

ELMER H. SMITH, Plaintiff and Appellant, v.
UNION BANK AND TRUST ASSOCIATION,
Defendant and Respondent.

414

COUNSEL

Carter & Coudures and John E. Mohoroski for Plaintiff and Appellant.

Donovan & Gould and Richard B. Somers for Defendant and Respondent.

OPINION

KINGSLEY, J.—From May 12, 1964, through August 7, 1964, plaintiff Smith, a subcontaractor, furnished labor and material for lathing and insulation for a work of construction done on real property. On October 21, 1964, Smith served on a construction lender, defendant Union Bank, a stop notice, together with a bond pursuant to section 1190.1 of the Code of Civil Procedure. On November 18, 1969, plaintiff Smith filed his summons and complaint to enforce the stop notice.

Smith's complaint alleged that, after filing the stop notice, defendant obtained a judgment (case No. 84465) against the prime contractor, James W. Sullivan, for labor and materials furnished by plaintiff on the aforesaid improvement.

On or about October 8, 1969, in an effort to enforce plaintiff Smith's judgment, Smith had an execution issued against the prime contractor, James Sullivan. Pursuant to the execution, a notice of garnishment was served on defendant Union Bank and defendant Union Bank's return indicated that it was not indebted to James Sullivan. The present action followed.

A general demurrer to plaintiff's complaint to enforce the stop notice was filed by defendant Union Bank; the demurrer was sustained without

leave to amend and an order of dismissal was filed. Plaintiff appeals from the judgment (order of dismissal).

The sole issue before this court is whether the 90-day time limitation of subdivision (a) of section 1197.1 of the Code of Civil Procedure applies only in favor of the owner of the property, such that plaintiff's suit against the construction lender was not barred, or whether that provision applies also in favor of a construction lender, such that plaintiff's action was barred by his failure to commence suit within the 90-day period.

Section 1197.1, subdivision (a) of the Code of Civil Procedure, as it read prior to 1967, provided, in part, as follows: "(a) No action to enforce the payment of any claim, notice of which may be given pursuant to Article 2, shall be commenced against the owner, nor against the State or any public board, commission, or officer thereof, nor against any political subdivision of the State or the disbursing officer thereof whose duty it is to make payments under provisions of such contract, prior to the expiration of the period within which claims of lien must be filed for record, as prescribed by Section 1193.1 of this code, nor shall any such suit be commenced later than 90 days following the expiration of such period."

Plaintiff asserts that, under the literal language of the section, the 90-day limitation does not apply to construction lenders but only to owners and therefore plaintiff's suit was not barred by failure to file in 90 days. Plaintiff attempts to support his limited construction of the statute by the following quotation from Marsh's Mechanic's Lien Law, section 8.13, page 98, which reads as follows: "Suit on the stop notice cannot be brought (against the 'owner, etc.') before the time has expired for recording claims of lien; but must be filed within ninety days after the lien recording time has expired (C.C.P. 1197.1(a)). In the writer's opinion, this requirement (C.C.P. 1197.1(a)) is intended to apply only to stop notices on public works (where the 'owner' is an agency of the state (C.C.P. 1190.1(g))."

Although this quoted part of section 8.13 would appear to support plaintiff's view, the paragraph read in its entirety does not support his contention. The language of section 8.13 continues: "In the stop notice herein discussed, notice is not given to the 'owner,' but only to the lending institution. Be that as it may, it is recommended that the action not be filed until expiration of lien recording time, and normally there is no reason to do so beforehand. *In any case, however, the action must be filed not later than ninety (90) days after expiration of lien recording time.*" (Italics added.)

█ Plaintiff points out that, since 1967, section 1197.1, subdivision (a) of the Code of Civil Procedure was amended to include other parties

(parties described in subdivision (h) of section 1190.1).[1] Plaintiff argues that the omission of construction lenders from the pre-1967 version of section 1197.1, subdivision (a) of the Code of Civil Procedure, considered in the light of the subsequent amendment, indicated that these additional parties were not to be included under the statute as it existed prior to 1967. We do not agree. Case law and the literature have given Code of Civil Procedure section 1197.1 a broader interpretation.[2]

The recent case of *Bohannan Bros., Inc.* v. *Lo Jean Dev. Co.* (1969) 3 Cal.App.3d 200 [82 Cal.Rptr. 922], is directly in point. In this case a materialman brought an action against a property owner and a construction lender to foreclose a mechanic's lien and to enforce a stop notice claim. The appellate court held that the trial court properly refused judgment enforcing plaintiff's stop order against the construction lender on the ground that, under the provisions of Code of Civil Procedure, section 1197.1, subdivision (a), the enforcement action was filed prematurely. The court held that the subdivision had been interpreted to include lenders as well as owners, even though the statute, prior to 1967, referred only to owners. The court said (at p. 207): "Moreover, holding that all stop notice enforcement actions, regardless of the identity of the defendant, were barred until the filing period for such claims has expired is consistent with the remainder of section 1197.1. This section provides in subdivisions (b), (c), and (d) thereof, that notice of the action must be given to the same persons and in the same manner as is required with respect to notices of claim, that any number of claimants may be joined in the same action and that such

---

[1] The text of section 1197.1 until January 1, 1971, reads as follows: "(a) No action to enforce the payment of any claim, notice of which may be given pursuant to Article 2, shall be commenced against the owner, nor against the state or any public board, commission, or officer thereof, nor against any political subdivision of the state or the disbursing officer thereof whose duty it is to make payments under provisions of such contract, nor against any of the parties described in subdivison (h) of Section 1190.1, prior to the expiration of the period within which claims of lien must be filed for record, as prescribed by Section 1193.1 of this code, nor shall any such suit be commenced later than 90 days following the expiration of such period, except that if the claim arises out of a work of improvement that is subject to acceptance by a city, county, or other local governmental agency, then suit shall be commenced not less than 90 days nor more than 180 days after the last delivery of materials or performance of work."

[2] Plaintiff asserts that the following paragraph from the 1968 supplement to Marsh's book supports his interpretation of the 1967 amendment: "While this limitation period [that of § 1197.1 of Code Civ. Proc.] has probably been implicit, the legislature apparently had overlooked this point when C.C.P. 1190.1(h) was enacted, with the result that there has been no *express* statutory limitation period for commencing actions to enforce bonded stop notices on privately owned jobs until now." (Italics added.)

The above quoted paragraph does not support plaintiff. The language merely states that there was no *express* provision prior to 1967, but Marsh indicates that the time limitation "has probably been implicit."

actions may be consolidated, and that upon demand of the owner the court shall require that all claimants to the moneys withheld by the owner in response to such notices be impleaded in the action 'to the end that the respective rights of all parties may be adjudicated and settled therein.' (See *A-1 Door & Materials Co.* v. *Fresno Guar. Sav. & Loan Assn., supra,* 61 Cal.2d 728, 736, fn. 3; *Rossman Mill & Lbr. Co.* v. *Fullerton Sav. & L. Assn.,* 221 Cal.App.2d 705, 711-712 [34 Cal.Rptr. 644], hear. den.) In addition, the construction lender who pays any stop notice claimant prior to this point in time does so at his peril. (See *Idaco Lumber Co.* v. *Northwestern S. & L. Assn.,* 265 Cal.App.2d 490, 495-498 [71 Cal.Rptr. 422], hear. den.)

"Finally, we note that the bill embodying the 1967 amendment making explicit what all had regarded as implicit previously was passed on the consent calendar in both houses of the Legislature. (1967 Final Calendar of Legislative Business, AB 599, p. 225.) A bill normally is placed and remains on the consent calendar only if it is either completely noncontroversial or makes no significant change in the law. (See Joint Rules California Legislature 1967, Regular Session 22.1, 22.2, 22.3.) This latter interpretation would appear to be justified here as the bill in question was apparently recommended by Resolution No. 48 of the 1966 Conference of State Bar Delegates and this resolution in effect sought condification [*sic*] of the aforementioned decisional law of the *A-1 Door* and *Miller* cases. (See 42 State Bar J. 206.)"

Plaintiff, for various reasons, argues that the *A-1* and *Miller* cases, mentioned above, do not support defendant's interpretation of the statute. In view of the discussion of these two cases in the *Bohannan Bros.* case we feel it unnecessary to unduly lengthen this opinion by further discussion of this issue.

The literature also tends to support our holding. In an article called *Stop Notice Problems of Institutional Lenders* by Benjamin S. Crocker (1965) 40 Los Angeles Bar Bulletin 323, the author said (at p. 324): "A stop notice duly given to a *lender,* if accompanied by the required bond, effectively garnishes undisbursed construction funds then held by the lender to the extent of the amount of the claim.[9] [Italics added.]

"......................................."

In an article on mechanic's liens in 54 California Law Review 179, 193 (1966), the author states that, except for the primary contractor, any party

---

"[9]However, as in the case of a mechanic's lien, unless suit to enforce payment of the claim is commenced within the time period provided in Code of Civil Procedure § 1197.1(a) the claim is extinguished."

entitled to file a mechanic's lien is also entitled to file a stop notice on any person holding construction funds, whether that person is owner, *third party lender* or escrow agent, but that a suit to enforce the stop notice must be inaugurated within the 90-day period.

In 16 Hastings Law Journal 187, 190 (1964), in an article on stop notice, the author states that there is no practical way for lenders to protect the construction loan funds from stop notices. In the following paragraph the author says: "The stop notice claim must be perfected if the claimant expects the fundholder to withhold the money beyond the time the mechanics' lien could have been filed, plus ninety days."

Defendant argues that section 1198.1 of the Code of Civil Procedure should apply to stop notices as well as mechanic's liens and would also bar the action. In view of our decision that plaintiff is barred by section 1197.1, we need not decide whether section 1198.1 of the Code of Civil Procedure also applies to stop notices.

The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.